## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

HERBERT MCARTHUR,

           Plaintiff,

      v.

EASTERN EXTERMINATING INC.,

        Defendant.

_____/

CASE NO.: _____

**PLAINTIFF DEMANDS A
TRIAL BY JURY**

### COMPLAINT

Plaintiff, HERBERT MCARTHUR (hereinafter referred to as "Plaintiff" and/or "Mr. McArthur"), through the undersign counsel, Derek Smith Law Group, PLLC, hereby complains of Defendant EASTERN EXTERMINATING, INC., (hereinafter referred to as "Defendant" and/or "Eastern Exterminating"), and alleges as follows:

### NATURE OF CASE

1.    Plaintiff complains pursuant to Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981"); Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e *et seq.* ("Title VII"); the Florida Civil Rights Act of 1992, Section 760.10 *et seq.* ("FCRA"); and Miami-Dade Ordinance 97-17, Art IV, Sec. 11A-26 and seeks damages to redress the injuries Plaintiff has suffered as a result of being discriminated against based on his sex and race and subjected to a race-based hostile work environment and sexual harassment, all leading to his wrongful termination.

1

2.   Furthermore, this action is to redress the Defendant's unlawful employment practices against Plaintiff, including Defendant's unlawful discrimination against Plaintiff because of his sex and race and hostile work environment, all leading to his unlawful termination.

## JURISDICTION AND VENUE

3.   This is an action for monetary damages and all other appropriate relief as deemed by the court, pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 1981 ("Section 1981"), the Florida Civil Rights Act of 1992, Section 760.10 *et seq.* ("FCRA"); and Miami-Dade Ordinance 97-17, Art IV, Sec. 11A-26 ("Ordinance").

4.   This Court has jurisdiction of the federal claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding deprivation of Plaintiff's civil rights under Title VII and Section 1981.

5.   This Court has jurisdiction of the state and local claims herein pursuant to 29 U.S.C. § 1367, as this action involves state and local causes of action arising from the same case or controversy as the federal claims herein.

6.   Venue is proper in this district pursuant to 28 U.S.C. §1391(b) based upon the fact Defendant was and is located in this judicial district, and a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein, occurred in this district. Plaintiff was employed by Defendant within Miami-Dade County, Florida. Additionally, the events took place in Miami-Dade County, Florida.

7.   Upon information and belief, Defendant employs numerous employees that are improperly classified and/or not classified as employees that, if properly classified, would equate to a

total sufficient to satisfy jursifiction under the state laws applicable to this action. Accordingly, upin information and belief, Defendant is an employer as defined by all laws under which this action is brought and employs the requisite number of employees.

8.   Pursuant to Ordinance No. 97-17, Chapter 11A, Article IV, Defendant is subject to the Miami-Dade Commission on Human Right's jurisdiction as an employer located in the County of Miami-Dade with 5 or more employees.

## PROCEDURAL REQUIREMENTS

9.   Plaintiff has complied with all statutory prerequisites to file this action.

10.  On or around January 7, 2020, Plaintiff dual filed his charge with the Equal Employment Opportunity Commission ("EEOC") and the Miami-Dade Commission on Human Rights ("MDCHR"), Charge number 15C-2020-00083 and F-8057, respectively.

11.  Plaintiff directed his claim to be filed with the EEOC and "any other state or local agency with whom you have a work-sharing agreement," including but not limited to the MDCHR and the FCHR.

12.  Accordingly, Plaintiff's charge was properly dual-filed with the EEOC, FCHR, and MDCHR.

13.  On May 12, 2021, the MDCHR issued Plaintiff a Notice of Determination, and the EEOC adopted this finding.

14.  This action is being commenced within ninety (90) days of the EEOC's determination.

## PARTIES

15.  At all material times, Plaintiff is a individual Black male who is a resident of the State of Florida and resides in Miami-Dade County, Florida.

16. At all material times, Defendant is a Florida Profit Corporation duly existing by the virtue and laws of the State of Florida.

17. At all material times, Defendant Eastern Exterminating employed LISA STOREY (hereinafter referred to as "STOREY") as Manager.

18. At all material times, STOREY held supervisory authority over Plaintiff, controlling carious tangible aspects of his employment, including but not limited to the power to hire and fire Plaintiff.

## FACTUAL ALLEGATIONS

19. On or about October 28, 2019, Defendant hired Plaintiff as a "Pest Control Technician."

20. At all material times, Plaintiff was the only Black individual employed by Defendant.

21. In or around early November 2019, STOREY, Plaintiff's supervisor, began training Plaintiff.

22. During the course of his employment with Defendant, and beginning as early as his training, Plaintiff was treated less favorably than non-black employees and non-male employees.  Defendant's disparate treatment of Plaintiff, by the conduct of its agent STOREY, is evinced by, but not limited to, the following acts:

23. In or around early November 2019, during the course of Plaintiff's training, STOREY and Plaintiff were often alone inside the Defendant's company van several times during the day.

24. On these occasions, STOREY rubbed and caressed Plaintiff above his knee and on his inner thigh several times throughout the day. Plaintiff found this touching offensive and unwelcomed.

4

25.     STOREY's unwelcomed, inappropriate caressing continued throughout Plaintiff's training that lasted several days.

26.     In response, Plaintiff told STOREY that he was uncomfortable with her repeated and continuous rubbing of the area above his knee and inner thigh.

27.     After Plaintiff's training concluded, and contrary to Plaintiff's continued objections, STOREY persisted in her unwelcome and inappropriate touching of Plaintiff.

28.     In or around December 2019, Plaintiff informed a colleague, Jeffrey (last name unknown), about STOREY's inappropriate touching. In response, Jeffrey (last name unknown) told Plaintiff, "**that's just [STOREY].**"

29.     At all times material, STOREY's conduct and comments were unwelcomed and unwanted by the Plaintiff.

30.     Furthermore, STOREY discriminated against Plaintiff because of his race.

31.     Importantly, at all times material, Plaintiff was the only Black male employed at Defendant.

32.     By means of example, but not meant to be an exhaustive list, STOREY maintained an open-door policy for all non-Black employees to enter her office when needed.

33.     However, Plaintiff, and Plaintiff alone, was excliptly required to knock for permission to enter STOREY's office.

34.     By further means of example, and not meant to be an exhaustive list, STOREY permitted other employees to pick things off her desk without permission, particularly the cannister of pens and hand sanitzer on her desk.

35. Nevertheless, Plaintiff, and Plaintiff alone, was explicitly required to ask permission to help himself to the candy and hand sanitzer STOREY offered to all other non-Black employees.

36. On at least one occasion, STOREY expressly reprimanded Plaintiff for using the handsanitizer on her desk in front of his peers and stated, **"How dare you use that without asking me first!"**

37. By further means of example, and not meant to be an exhaustive list, STOREY routinely targeted Plaintiff by accusing Plaintiff of failing to clean out the company truck he drove. STOREY went so far as to take photographs of the inside of his company truck. Importantly, STOREY never accused Plaintiff's non-Black colleagues of failing to meet cleanliness standards nor did she excessively monitor the condition of their company-provided trucks.

38. In further discrimination and harassment of Plaintiff McArthur, STOREY repeatedly emphasized and elongated the phrase "**Black people**" when conversing with Plaintiff.

39. By means of example and not meant to be an exhaustive list, STOREY routinely told Plaintiff that more "**Black people**" and/or "**Blacks**" needed to support President Donald Trump's reelection. In fact, on at least one occasion, STOREY forced Plaintiff McArthur to watch videos of Black women explaining their support for President Trump.

40. By further means of example, in or about December 2020, STOREY instructed Plaintiff, and Plaintiff alone, to ring the doorbell at customers' homes in order to avoid being **"shot."**

41. In its last act of discrimination and harassment of Plaintiff, on or about January 3, 2020, Plaintiff arrived at the worksite at 6 a.m. to begin his shift. At this point, STOREY informed Plaintiff that he was terminated.

42.   On or about January 3, 2020, Defendant wrongfully terminated Plaintiff's employment.

43.   In or around December 2020, the Bureau of Inspection and Incident Response conducted a For Cause Inspection to assess Defendant's compliance with the Structural Pest Control Act. During this inspection, Defendant was cited for permitting Plaintiff McArthur to conduct pest control operations without first being issued a Pest Control Identification Card.

44.   All Pest Control Technicians employed by Defendant maintained a valid Pest Control Identification Card, except for Plaintiff. Upon information and belief, STOREY and Defendant's management assisted all Pest Control Technicians with obtaining a Pest Control Identification Card, except for Plaintiff.

45.   On or about March 26, 2020, the Bureau of Inspection and Incident Response issued Defendant a formal Notice of Noncompliance ("Notice") stemming from the violation in or around December 2020[1]. The Notice directed Defendant to assist in procuring a Pest Control Identification Card for Plaintiff in order to comply with applicable statutes and regulations.

46.   At no point during Plaintiff's employment did Defendant take any action to assist Plaintiff in procuring his Pest Control Identification Card.

47.   In addition to these acts of discrimination and harassment, Defendant does not nor has it ever maintained a Human Resources Department to whom Plaintiff could direct his complaints of discrimination and harassment. Accordingly, Plaintiff was unable to lodge any formal complaints against STOREY.

---

[1] The Notice of Noncompliance cites February 5, 2020 as the date of the violation. However, Plaintiff was not employed as of February 5, 2020. Upon information and belief, the date specified in the Notice of Noncompliance is a scrivener's error.

48.    The above are just some of the examples of unlawful discrimination and harassment to which Defendant subjected Plaintiff on the basis of his sex/gender and race.

49.    The Defendant, by and through the actions of its employee/manager/supervisor STOREY, exhibited a pattern and practice of not only discrimination but also harassment.

50.    Plaintiff claims a continuous practice of discrimination, claims a continuing violation, and makes all claims herein under the continuing violations doctrine.

51.    That as a result of Defendant's conduct and comments, Plaintiff was caused to sustain serious and permanent personal injuries, including permanent psychological injuries.

52.    As a result of Defendant's actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed. Plaintiff suffers from high stress, anxiety, depression, in addition to physical ailments.

53.    As a result of Defendant's discriminatory and intolerable treatment of Plaintiff, Plaintiff suffered and continues to suffer severe emotional distress.

54.    As a result of Defendant's unlawful conduct, Plaintiff has suffered damages, including but not limited to financial and economic damages, lost wages (back pay and front pay) and benefits, advancement opportunities within the company, and continues to suffer emotional distress, mental anguish, loss of dignity, and other intangible damages.

## <u>COUNT ONE</u>
### *Race/Color Discrimination in violation of 42 U.S.C. § 1981*

55.    Plaintiff realleges and incorporates by reference each allegation contained in the previous paragraphs, and further alleges as follows.

56.    42 U.S. Code § 1981 - Equal rights under the law states provides:

(a) "All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

(b) For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

(c) The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law."

57. Defendant engaged in unlawful employment practices that violated 42 U.S.C §1981, by discriminating against Plaintiff on account of Plaintiff being of Black race.

58. Defendant violated Section 1981 by intentionally discriminating against Plaintiff in a serious tangible way with respect to compensation, terms, conditions or privileges of his employment.

59. Plaintiff's race characteristics were a determinative or motivating factor in Defendant's employment actions.

60. Defendant cannot show any legitimate nondiscriminatory reason for its employment practices and any reasons proffered by the Defendant for its actions against Plaintiff are pretextual and can readily be disbelieved.

9

61.     Plaintiff's protected status played a motivating part in the Defendant's decisions even if other factors may also have motivated Defendant's actions against Plaintiff.

62.     Defendant's harassment and highly offensive conduct to Plaintiff on account of Plaintiff's race adversely affected the terms, conditions, and privileges of Plaintiff's employment.

63.     Defendant's conduct was adequately severe and pervasive so as to alter the work environment and create an abusive and hostile work environment for Plaintiff.

64.     Defendant acted upon a continuing course of conduct.

65.     Defendant enforced a purposefully discriminatory pattern and practice of depriving Plaintiff, a Black individual, of the equal rights afforded to him, in violation of 42 U.S.C. §1981.

66.     Defendant violated Section 1981, and Plaintiff suffered numerous damages as a result.

67.     Plaintiff makes his claim against Defendant under all of the applicable paragraphs of 42 U.S. Code § 1981.

68.     As a result of Defendant's violation of Section 1981, Plaintiff has been denied the enjoyment of all benefits, privileges, terms, and conditions of Plaintiff's contractual relationship, which provided substantial compensation and benefits to the Plaintiff.

69.     As alleged above, Defendant acted with malice or reckless indifference to the rights of the Plaintiff, thereby entitling Plaintiff to an award of punitive damages.

70.     As a result of Defendant's violations of Section 1981, Plaintiff has suffered damages, including, but not limited to: past and future lost wages, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, humiliation, emotional distress, reputational harm, diminishment of career opportunities, and other harm, both tangible and intangible.

71.     Defendant's actions were knowing, intentional, willful, malicious, and in reckless disregard of Plaintiff's rights under U.S. Code § 1981.

72.     Plaintiff further requests that his attorney's fees and costs be awarded as permitted by law.

73.     Conduct of Defendant and/or its agents deprived Plaintiff of his statutory rights guaranteed under federal law.

74.     Plaintiff has been damaged by Defendant's illegal conduct.

**WHEREFORE**, Plaintiff demands trial by jury and requests this Court to:

a. Declare that Defendant has unlawfully discriminated against Plaintiff in violation of 42 U.S.C. §1981; and

b. Issue an order prohibiting further discrimination; and

c. Order equitable relief including but not limited to back pay, reinstating Plaintiff with all promotions and seniority rights to which he is entitled, or award front pay in lieu of reinstatement, and all other equitable relief provided; and

d. Award Plaintiff all compensatory damages provided; and

e. Award Plaintiff his costs, attorney's fees, pre-judgment and post-judgment interest and such other and further relief as the Court deems proper.

**<u>COUNT TWO</u>**
***Race/Color Discrimination (Disparate Treatment)in Violation of TITLE VII***

75.     Plaintiff realleges and incorporates by reference each allegation contained in the previous paragraphs, and further alleges as follows.

76.     Title VII states in relevant parts as follows: "§ 2000e-2. *[Section 703]* (a) Employer practices It shall be an unlawful employment practice for an employer – (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any

individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."

77.     Defendant engaged in unlawful employment practices prohibited by 42 U.S.C. § 2000e *et seq.*, by discriminating against Plaintiff because of his race.

78.     Defendant Eastern Exterminating's Employee/Manager/Supervisor STOREY treated Plaintiff differently than his peers based on his race/color, including denying Plaintiff a Pest Control Identification Card, harshly criticizing Plaintiff's work product, holding Plaintiff to standards different from those of his peers, and making repeated and unreasonable references to Plaintiff's race before wrongfully terminating Plaintiff's employment, as alleged and set forth above.

79.     The discriminatory actions of Defendant against Plaintiff, as described and set forth above, constitute an adverse employment action for purposes of Title VII.  In subjecting Plaintiff to adverse employment action on the basis of his race, Defendant intentionally discriminated against Plaintiff with respect to the compensation, terms, conditions, or privileges of his employment.

80.     Plaintiff McArthur was subject to discriminatory conduct and comments during his employment with Eastern Exterminating, and this conduct was directed to and perpetuated upon Plaintiff because of his race.

81.     The Defendant's discharge of Plaintiff was, in whole or in part, because he was Black/African American.

82.     At all times relevant, Defendant engaged in discriminatory practices which resulted in Plaintiff being subjected to a discriminatory hostile work environment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq., as amended.

83.     Defendant treated Plaintiff less favorably than similarly situated employees outside his protected class.

84.     As a result of Defendant's violations of The Civil Rights Act of 1964, Plaintiff has suffered damages, including, but not limited to: past and future lost wages, mental pain and suffering; humiliation; emotional distress; diminishment of career opportunities; harm to business reputation; loss of self-esteem; disruption to his family life; and other harm, pain and suffering, both tangible and intangible.

85.     Conduct of Defendant and/or its agents deprived Plaintiff of his statutory rights guaranteed under Title VII.

86.     Plaintiff further requests that his attorney's fees and costs be awarded as permitted by law.

87.     Plaintiff MCARTHUR has been damaged by the illegal conduct of Defendant.

**WHEREFORE**, Plaintiff demands trial by jury and requests this Court to:

a. Declare that Defendant has unlawfully discriminated against Plaintiff in violation of Title VII of the Civil Rights Act; and

b. Issue an order prohibiting further discrimination; and

c. Order equitable relief including but not limited to back pay, reinstating Plaintiff with all promotions and seniority rights to which he is entitled, or award front pay in lieu of reinstatement, and all other equitable relief provided; and

d. Award Plaintiff all compensatory damages provided; and

e. Award Plaintiff his costs, attorney's fees, pre-judgment and post-judgment interest and such other and further relief as the Court deems proper.

## COUNT THREE
### *Race/Color Discrimination (Hostile Work Environment)*
### *in Violation of the Title VII*

88.   Plaintiff realleges and incorporates by reference each allegation contained in the previous paragraphs, and further alleges as follows.

89.   The Civil Rights Act of 1964 prohibits inappropriate conduct in the workplace which leaves any person feeling harassed or discriminated against, due to his or her gender, age, religion, national origin or race.

90.   Here, Defendant's conduct occurred because of Plaintiff's legally protected characteristic, and the conduct was severe or pervasive enough to make a reasonable person of the same legally protected class believe that the conditions of employment were altered, and that the working environment was intimidating, hostile or abusive.

91.   Defendant's Employee/Manager/Supervisor STOREY harassed Plaintiff based on his race, including harshly and unreasonably criticizing Plaintiff's work product, failing to provide Plaintiff with proper certification to conduct his job duties, and repeatedly referencing "Black people" to Plaintiff, while favoring Plaintiff's White/Caucasian peers, as alleged and set forth above.

92.   The harassment of Plaintiff included, but was not limited to, unfairly and unreasonably charging Plaintiff with violations of policy, failing to provide Plaintiff with a Pest Control Identification Card as required by law and given to all other Pest Control Technicians of Defendant, and requiring Plaintiff to abide by rules and standards that his Non-Black peers did not.

93.   The harassing actions of Defendant against Plaintiff, as described and set forth above, constitute an adverse employment action for purposes of Title VII.  In subjecting Plaintiff to adverse employment action on the basis of his race, Defendant intentionally harassed

Plaintiff with respect to the compensation, terms, conditions, or privileges of his employment.

94.    The harassing conduct was directly connected to Plaintiff McArthur's race.

95.    Plaintiff did not welcome Defendant's harassing conduct or comments.

96.    Defendant abused its supervisory authority over Plaintiff by creating a hostile work environment. A reasonable person subjected to Plaintiff McArthur's working environment would believe Defendant's conduct was severe or pervasive enough to have altered the terms and conditions of employment and render the working environment intimidating, hostile or abusive.

97.    As a result of Defendant's violations of The Civil Right Act of 1964, Plaintiff has suffered damages, including, but not limited to: past and future lost wages, mental pain and suffering; humiliation; emotional distress; diminishment of career opportunities; harm to business reputation; loss of self-esteem; disruption to his family life; and other harm, pain and suffering, both tangible and intangible.

98.    Conduct of Defendant and/or its agents deprived Plaintiff of his statutory rights guaranteed under Title VII.

99.    Plaintiff further requests that his attorney's fees and costs be awarded as permitted by federal law.

100.   Plaintiff McArthur has been damaged by the illegal conduct of Defendant.

**WHEREFORE**, Plaintiff demands trial by jury and requests this Court to:

a. Declare that Defendant has unlawfully discriminated against Plaintiff in violation of Title VII of the Civil Rights Act; and

b. Issue an order prohibiting further discrimination; and

c. Order equitable relief including but not limited to back pay, reinstating Plaintiff with all promotions and seniority rights to which he is entitled, or award front pay in lieu of reinstatement, and all other equitable relief provided; and

d. Award Plaintiff all compensatory damages provided; and

e. Award Plaintiff his costs, attorney's fees, pre-judgment and post-judgment interest and such other and further relief as the Court deems proper.

### COUNT FOUR
*Sex/Gender Discrimination (Disparate Treatment) in Violation of TITLE VII*

101. Plaintiff realleges and incorporates by reference each allegation contained in the previous paragraphs, and further alleges as follows.

102. Title VII states in relevant parts as follows: "§ 2000e-2. *[Section 703]* (a) Employer practices It shall be an unlawful employment practice for an employer – (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."

103. Defendant engaged in unlawful employment practices prohibited by 42 U.S.C. § 2000e *et seq.*, by discriminating against Plaintiff because of his sex/gender.

104. Defendant Eastern Exterminating's Employee/Manager/Supervisor STOREY treated Plaintiff differently than his peers based on his sex/gender, including denying Plaintiff a Pest Control Identification Card, harshly criticizing Plaintiff's work product, holding Plaintiff to standards different from those of his peers, and repeatedly and uninvitingly

16

touching Plaintiff, before wrongfully terminating Plaintiff's employment, as alleged and set forth above.

105.   The discriminatory actions of Defendant against Plaintiff, as described and set forth above, constitute an adverse employment action for purposes of Title VII.  In subjecting Plaintiff to adverse employment action on the basis of his sex/gender, Defendant intentionally discriminated against Plaintiff with respect to the compensation, terms, conditions, or privileges of his employment.

106.   Plaintiff McArthur was subject to discriminatory conduct and comments during his employment with Eastern Exterminating, and this conduct was directed to and perpetuated upon Plaintiff because of his sex/gender.

107.   The Defendant's discharge of Plaintiff was, in whole or in part, because he was male.

108.   At all times relevant, Defendant engaged in discriminatory practices which resulted in Plaintiff being subjected to a discriminatory hostile work environment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq., as amended.

109.   Defendant treated Plaintiff less favorably than similarly situated employees outside his protected class.

110.   As a result of Defendant's violations of The Civil Rights Act of 1964, Plaintiff has suffered damages, including, but not limited to: past and future lost wages, mental pain and suffering; humiliation; emotional distress; diminishment of career opportunities; harm to business reputation; loss of self-esteem; disruption to his family life; and other harm, pain and suffering, both tangible and intangible.

111.   Conduct of Defendant and/or its agents deprived Plaintiff of his statutory rights guaranteed under Title VII.

112.    Plaintiff further requests that his attorney's fees and costs be awarded as permitted by federal law.

113.    Plaintiff McArthur has been damaged by the illegal conduct of Defendant.

**COUNT FIVE**
*Sexual Harassment in Violation of the Title VII*

114.    Plaintiff realleges and incorporates by reference each allegation contained in the previous paragraphs, and further alleges as follows.

115.    The Civil Rights Act of 1964 prohibits inappropriate conduct in the workplace which leaves any person feeling harassed or discriminated against, due to his or her gender, age, religion, national origin or race.

116.    Here, Defendant's conduct occurred because of Plaintiff's legally protected characteristic, and the conduct was severe or pervasive enough to make a reasonable person of the same legally protected class believe that the conditions of employment were altered, and that the working environment was intimidating, hostile or abusive.

117.    Defendant's Employee/Manager/Supervisor STOREY harassed Plaintiff based on his sex/gender, including harshly and unreasonably criticizing Plaintiff's work product, failing to provide Plaintiff with proper certification to conduct his job duties, repeatedly and uninvitingly caressing Plaintiff's knee, and requiring Plaintiff to abide by different rules for conduct in the workplace, as alleged and set forth above.

118.    The harassment of Plaintiff included, but was not limited to, the repeated and offensive caressing of Plaintff's knee, unfairly and unreasonably charging Plaintiff with violations of policy, failing to provide Plaintiff with a Pest Control Identification Card as required by law and given to all other Pest Control Technicians of Defendant, and requiring Plaintiff to abide by rules and standards that his non-male colleagues did not.

119. The harassing actions of Defendant against Plaintiff, as described and set forth above, constitute an adverse employment action for purposes of Title VII.  In subjecting Plaintiff to adverse employment action on the basis of his sex/gender, Defendant intentionally harassed Plaintiff with respect to the compensation, terms, conditions, or privileges of his employment.

120. The harassing conduct was directly connected to Plaintiff McArthur's sex/gender.

121. Plaintiff did not welcome Defendant's harassing conduct or comments.

122. Defendant abused its supervisory authority over Plaintiff by creating a hostile work environment. A reasonable person subjected to Plaintiff McArthur's working environment would believe Defendant's conduct was severe or pervasive enough to have altered the terms and conditions of employment and render the working environment intimidating, hostile or abusive.

123. As a result of Defendant's violations of The Civil Right Act of 1964, Plaintiff has suffered damages, including, but not limited to: past and future lost wages, mental pain and suffering; humiliation; emotional distress; diminishment of career opportunities; harm to business reputation; loss of self-esteem; disruption to his family life; and other harm, pain and suffering, both tangible and intangible.

124. Conduct of Defendant and/or its agents deprived Plaintiff of his statutory rights guaranteed under Title VII.

125. Plaintiff further requests that his attorney's fees and costs be awarded as permitted by federal law.

126. Plaintiff McArthur has been damaged by the illegal conduct of Defendant.

**WHEREFORE**, Plaintiff demands trial by jury and requests this Court to:

a. Declare that Defendant has unlawfully discriminated against Plaintiff in violation of Title VII of the Civil Rights Act; and

b. Issue an order prohibiting further discrimination; and

c. Order equitable relief including but not limited to back pay, reinstating Plaintiff with all promotions and seniority rights to which he is entitled, or award front pay in lieu of reinstatement, and all other equitable relief provided; and

d. Award Plaintiff all compensatory damages provided; and

e. Award Plaintiff his costs, attorney's fees, pre-judgment and post-judgment interest and such other and further relief as the Court deems proper.

## COUNT SIX
### *Sex Discrimination (Disparate Treatment) in Violation of Florida Statute Section §760.10*

127.   Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in all previous paragraphs herein.

128.   The FCRA makes it unlawful for an employer to discriminate against an employee based on that person's sex. § 760.10(1)(a) Fla. Stat. (2020).

129.   Florida Statute Section 760.10(1)(a) provides that "[i]t is an unlawful employment practice for an employer…to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, pregnancy, national origin, age, handicap, or marital status."

130.   The hostile work environment and Defendant's adverse and disparate treatment of Plaintiff to which Plaintiff was subjected as described and set forth above, including his termination of employment, was because of Plaintiff's sex.

131.   Defendant is prohibited under the FCRA from discriminating against Plaintiff because of his sex with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

132.   In subjecting Plaintiff to adverse employment action on the basis of his sex, Defendant intentionally discriminated against Plaintiff with respect to the compensation, terms, conditions, or privileges of his employment.

133.   At all times relevant, Defendant, by and through its agent STOREY, intended to unlawfully discriminate against Plaintiff in the terms and conditions of his employment because of his sex and Defendant did unlawfully discriminate against Plaintiff in the terms and privileges of his employment because of his sex in violation of the FCRA.

134.   Defendant violated the FCRA by unlawfully discharging and discriminating against Plaintiff based his sex/gender, of which the Defendant was fully aware of.

135.   As a result of Defendant's intentional discriminatory conduct and Eastern Exterminating's termination of Plaintiff's employment in violation of the FCRA, Plaintiff has suffered and will continue to suffer financial and economic damages in the form of lost wages (front and back pay) and lost benefits.

136.   Plaintiff has also suffered and will continue to suffer emotional distress, mental anguish, loss of dignity, and other intangible damages.

137.   Plaintiff accordingly demands lost economic damages, lost wages, back pay, interest, front pay, the value and/or economic impact of lost benefits, and compensatory damages.

138.   Defendant's actions were knowing, intentional, willful, malicious, and in reckless disregard of Plaintiff's rights under the FCRA.

139.   Plaintiff further requests that his attorney's fees and costs be awarded as permitted by law.

140.    Conduct of Defendant and/or its agents deprived Plaintiff of his statutory rights guaranteed under state law.

141.    Plaintiff has been damaged by Defendant's illegal conduct.

**WHEREFORE**, Plaintiff demands trial by jury and requests this Court to:

a. Declare that Defendant has unlawfully discriminated against Plaintiff in violation of Florida Statute Section §760.10; and

b. Issue an order prohibiting further discrimination; and

c. Order equitable relief including but not limited to back pay, reinstating Plaintiff with all promotions and seniority rights to which he is entitled, or award front pay in lieu of reinstatement, and all other equitable relief provided; and

d. Award Plaintiff all compensatory damages provided; and

e. Award Plaintiff his costs, attorney's fees, pre-judgment and post-judgment interest and such other and further relief as the Court deems proper.

### COUNT SEVEN
*Sexual Harassment in Violation of Florida Statute Section §760.10(1)(a)*

142.    Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in all previous paragraphs herein.

143.    The FCRA prohibits employment discrimination based on sex, and prohibits harassment based on these protected characteristics.

144.    Florida Statute Section 760.10(1)(a) provides that "[i]t is an unlawful employment practice for an employer…to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, pregnancy, national origin, age, handicap, or marital status."

145.   STOREY's relentless harassment, ridicule, and humiliation over Plaintiff's sex as described and set forth above, including touching Plaintiff inappropriately during training, requiring Plaintiff to abide by different standards than his non-male colleagues, and failing to provide Plaintiff with a Pest Control Identification Card, altered the terms and conditions of Plaintiff's employment, and created a hostile work environment in violation of the FCRA.

146.   Defendant violated the FCRA by unlawfully discharging and discriminating against Plaintiff based his sex, of which the Defendant was fully aware.

147.   The harassment directed at Plaintiff was sufficiently severe and pervasive so as to unreasonably interfere with his physical and/or psychological health, work performance and to create and intimidating, hostile and offensive working environment.

148.   As a result of Defendant's intentional discriminatory conduct in violation of the FCRA, Plaintiff has suffered and will continue to suffer financial and economic damages in the form of lost wages (front and back pay) and lost benefits.

149.   Plaintiff has also suffered and will continue to suffer emotional distress, mental anguish, loss of dignity, lost wages, back pay, interest, front pay, the value and/or economic impact of lost benefits, and compensatory damages.

150.   Defendant's actions were knowing, intentional, willful, malicious, and in reckless disregard of Plaintiff's rights under the FCRA.

151.   Plaintiff further requests that his attorney's fees and costs be awarded as permitted by law.

152.   Conduct of Defendant and/or its agents deprived Plaintiff of his statutory rights guaranteed under state law.

153.   Plaintiff has been damaged by the illegal conduct of Defendant.

**WHEREFORE**, Plaintiff demands trial by jury and requests this Court to:

a. Declare that Defendant has unlawfully discriminated against Plaintiff in violation of Florida Statute Section §760.10; and

b. Issue an order prohibiting further discrimination; and

c. Order equitable relief including but not limited to back pay, reinstating Plaintiff with all promotions and seniority rights to which he is entitled, or award front pay in lieu of reinstatement, and all other equitable relief provided; and

d. Award Plaintiff all compensatory damages provided; and

e. Award Plaintiff his costs, attorney's fees, pre-judgment and post-judgment interest and such other and further relief as the Court deems proper.

<u>**COUNT EIGHT**</u>
*Race Discrimination (Disparate Treatment) in Violation of Florida Statute Section §760.10*

154.    Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in all previous paragraphs herein.

155.    The FCRA makes it unlawful for an employer to discriminate against an employee based on that person's race. § 760.10(1)(a) Fla. Stat. (2020).

156.    Florida Statute Section 760.10(1)(a) provides that "[i]t is an unlawful employment practice for an employer…to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, pregnancy, national origin, age, handicap, or marital status."

157.    Defendant's adverse and disparate treatment of Plaintiff to which Plaintiff was subjected as described and set forth above, including his termination of employment, was because of Plaintiff's race.

158.    Defendant is prohibited under the FCRA from discriminating against Plaintiff because of his race with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

159.    In subjecting Plaintiff to adverse employment action on the basis of his race, Defendant, by and through its agent STOREY, intentionally discriminated against Plaintiff with respect to the compensation, terms, conditions, or privileges of his employment.

160.    At all times relevant, Defendant, by and through its employees, intended to unlawfully discriminate against Plaintiff in the terms and conditions of his employment because of his race and Defendant did unlawfully discriminate against Plaintiff in the terms and privileges of his employment because of his race in violation of the FCRA.

161.    Defendant violated the FCRA by unlawfully discharging and discriminating against Plaintiff based his race, of which the Defendant was fully aware of.

162.    As a result of Defendant's intentional discriminatory conduct and termination of Plaintiff's employment in violation of the FCRA, Plaintiff has suffered and will continue to suffer financial and economic damages in the form of lost wages (front and back pay) and lost benefits.  Plaintiff has also suffered and will continue to suffer emotional distress, mental anguish, loss of dignity, and other intangible damages.  Plaintiff accordingly demands lost economic damages, lost wages, back pay, interest, front pay, the value and/or economic impact of lost benefits, and compensatory damages.

163.    Defendant's actions were knowing, intentional, willful, malicious, and in reckless disregard of Plaintiff's rights under the FCRA.  Accordingly, Plaintiff also requests punitive damages as authorized by the FCRA.

164.    Plaintiff further requests that his attorney's fees and costs be awarded as permitted by law.

165.	Conduct of Defendant and/or its agents deprived Plaintiff of his statutory rights guaranteed under state law.

166.	Plaintiff has been damaged by Defendant's illegal conduct.

**WHEREFORE**, Plaintiff demands trial by jury and requests this Court to:

a. Declare that Defendant has unlawfully discriminated against Plaintiff in violation of Florida Statute Section §760.10; and

b. Issue an order prohibiting further discrimination; and

c. Order equitable relief including but not limited to back pay, reinstating Plaintiff with all promotions and seniority rights to which he is entitled, or award front pay in lieu of reinstatement, and all other equitable relief provided; and

d. Award Plaintiff all compensatory damages provided; and

e. Award Plaintiff his costs, attorney's fees, pre-judgment and post-judgment interest and such other and further relief as the Court deems proper.

<u>**COUNT NINE**</u>
***Hostile Work Environment (Race/Color) in Violation of Florida Statute Section §760.10(1)(a)***

167.	Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in all previous paragraphs herein.

168.	The FCRA prohibits employment discrimination based on race, and prohibits harassment based on these protected characteristics.

169.	Florida Statute Section 760.10(1)(a) provides that "[i]t is an unlawful employment practice for an employer…to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, pregnancy, national origin, age, handicap, or marital status."

26

170.    STOREY's relentless harassment, ridicule, and humiliation over Plaintiff's race as described and set forth above, including harshly and unreasonably criticizing Plaintiff's work product, requiring Plaintff to adhere to different standards of conduct than his Non-Black peers, warning Plaintiff to ring customer's doorbells to avoid being "**shot**", and failed to provide Plaintiff with a Pest Control Identification Card as alleged and described above, altered the terms and conditions of Plaintiff's employment and created a hostile work environment in violation of the FCRA.

171.    Defendant violated the FCRA by unlawfully discharging and discriminating against Plaintiff based his race, of which the Defendant was fully aware.

172.    The harassment directed at Plaintiff was sufficiently severe and pervasive so as to unreasonably interfere with his physical and/or psychological health, work performance and to create and intimidating, hostile and offensive working environment.

173.    As a result of Defendant's intentional discriminatory conduct in violation of the FCRA, Plaintiff has suffered and will continue to suffer financial and economic damages in the form of lost wages (front and back pay) and lost benefits.

174.    Plaintiff has also suffered and will continue to suffer emotional distress, mental anguish, loss of dignity, lost wages, back pay, interest, front pay, the value and/or economic impact of lost benefits, and compensatory damages.

175.    Defendant's actions were knowing, intentional, willful, malicious, and in reckless disregard of Plaintiff's rights under the FCRA.

176.    Plaintiff further requests that his attorney's fees and costs be awarded as permitted by law.

177.    Conduct of Defendant and/or its agents deprived Plaintiff of his statutory rights guaranteed under state law.

178.    Plaintiff has been damaged by the illegal conduct of Defendant.

**WHEREFORE**, Plaintiff demands trial by jury and requests this Court to:

a. Declare that Defendant has unlawfully discriminated against Plaintiff in violation of Florida Statute Section §760.10; and

b. Issue an order prohibiting further discrimination; and

c. Order equitable relief including but not limited to back pay, reinstating Plaintiff with all promotions and seniority rights to which he is entitled, or award front pay in lieu of reinstatement, and all other equitable relief provided; and

d. Award Plaintiff all compensatory damages provided; and

e. Award Plaintiff his costs, attorney's fees, pre-judgment and post-judgment interest and such other and further relief as the Court deems proper.

## COUNT TEN
### *Sex/Gender Discrimination in Violation of Miami Dade Ordinance 97-17 Art. IV, Sec. 11A-26*

179.    Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in all previous paragraphs herein.

180.    Ordinance 97-17, Article IV, Sec. 11A-26(1) states in relevant parts as follows: "It shall be unlawful for any employer to engage in any practices described below on account of the race, color, religion, ancestry, sex, pregnancy, national origin, age, disability, marital status, familial status, gender identity, gender expression, sexual orientation, or actual or perceived status as a victim of domestic violence, dating violence or stalking of any individual or any person associated with such individual:

(a) To fail or refuse to hire or to otherwise discriminate against any individual..."

181.   Defendant engaged in unlawful employment practices prohibited by Ordinance 97-17, Article IV, Sec. 11A-26(1) by discriminating against Plaintiff because of his sex/gender in the terms and conditions of his employment.

182.   Defendant, by and through STOREY, regularly touched inappropriately Plaintiff during the course of his training in the confines and solitude of the company truck. Furthermore, Defendant required Plaintiff to abide by different standards of conduct than his non-male colleagues and entirely failed to provide Plaintiff with a Pest Control Identification Card.

183.   Plaintiff was sexually harassed based on his gender.

184.   Defendant treated Plaintiff less favorably than similarly situated employees outside the protected class.

185.   Defendant engaged in unlawful employment practices prohibited by Ordinance 97-17, Article IV, Sec. 11A-26(1) by harassing and otherwise discriminating against Plaintiff as set forth herein.

186.   Defendant violated Ordinance 97-17 by unlawfully discharging and discriminating against Plaintiff based on his gender, of which the Defendant was fully aware.

187.   As a direct and proximate result of Defendant's intentional discriminatory conduct in violation of Title VII, Plaintiff suffered and will continue to suffer damages including lost wages and benefits, severe emotional distress, mental anguish, suffering, loss of dignity, humiliation, embarrassment, loss of reputation, and other pecuniary and non-pecuniary losses.

188.   Plaintiff further requests that his attorney's fees and costs be awarded as permitted by law.

189.   Conduct of Defendant and/or its agents deprived Plaintiff of his statutory rights guaranteed under Ordinance 97-17, Article IV, Sec. 11A-26(1).

190.    Plaintiff has been damaged by the illegal conduct of Defendant.

**WHEREFORE**, Plaintiff demands trial by jury and requests this Court to:

    a. Declare that Defendant has unlawfully discriminated against Plaintiff in violation of Ordinance 97-17, Article IV, Sec. 11A-26(1); and

    b. Issue an order prohibiting further discrimination; and

    c. Order equitable relief including but not limited to back pay, reinstating Plaintiff with all promotions and seniority rights to which he is entitled, or award front pay in lieu of reinstatement, and all other equitable relief provided; and

    d. Award Plaintiff all compensatory damages provided; and

    e. Award Plaintiff his costs, attorney's fees, pre-judgment and post-judgment interest and such other and further relief as the Court deems proper.

## <u>COUNT ELEVEN</u>
### *Race Discrimination in Violation of Miami Dade Ordinance 97-17 Art. IV, Sec. 11A-26*

191.    Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in all previous paragraphs herein.

192.    Ordinance 97-17, Article IV, Sec. 11A-26(1) states in relevant parts as follows: "It shall be unlawful for any employer to engage in any practices described below on account of the race, color, religion, ancestry, sex, pregnancy, national origin, age, disability, marital status, familial status, gender identity, gender expression, sexual orientation, or actual or perceived status as a victim of domestic violence, dating violence or stalking of any individual or any person associated with such individual:

        (a) To fail or refuse to hire or to otherwise discriminate against any individual..."

193.   Defendant engaged in unlawful employment practices prohibited by Ordinance 97-17, Article IV, Sec. 11A-26(1) by discriminating against Plaintiff because of his race in the terms and conditions of his employment.

194.   Defendant, by and through STOREY, regularly and unreasonably harshly criticized Plaintiff's work product and made repeated references to and generalizations of "Black people." Furthermore, Defendant required Plaintiff to abide by different standards of conduct than his non-Black colleagues and entirely failed to provide Plaintiff with a Pest Control Identification Card.

195.   Plaintiff was sexually harassed based on his race.

196.   Defendant treated Plaintiff less favorably than similarly situated employees outside the protected class.

197.   Defendant engaged in unlawful employment practices prohibited by Ordinance 97-17, Article IV, Sec. 11A-26(1) by harassing and otherwise discriminating against Plaintiff as set forth herein.

198.   Defendant violated Ordinance 97-17, Article IV, Sec. 11A-26(1) by unlawfully discharging and discriminating against Plaintiff based on his race, of which the Defendant was fully aware.

199.   As a direct and proximate result of Defendant's intentional discriminatory conduct in violation of Title VII, Plaintiff suffered and will continue to suffer damages including lost wages and benefits, severe emotional distress, mental anguish, suffering, loss of dignity, humiliation, embarrassment, loss of reputation, and other pecuniary and non-pecuniary losses.

200.   Plaintiff further requests that his attorney's fees and costs be awarded as permitted by law.

201.    Conduct of Defendant and/or its agents deprived Plaintiff of his statutory rights guaranteed under Ordinance 97-17, Article IV, Sec. 11A-26(1).

202.    Plaintiff McArthur has been damaged by the illegal conduct of Defendant.

**WHEREFORE**, Plaintiff demands trial by jury and requests this Court to:

a. Declare that Defendant has unlawfully discriminated against Plaintiff in violation of Ordinance 97-17, Article IV, Sec. 11A-26(1); and

b. Issue an order prohibiting further discrimination; and

c. Order equitable relief including but not limited to back pay, reinstating Plaintiff with all promotions and seniority rights to which he is entitled, or award front pay in lieu of reinstatement, and all other equitable relief provided; and

d. Award Plaintiff all compensatory damages provided; and

e. Award Plaintiff his costs, attorney's fees, pre-judgment and post-judgment interest and such other and further relief as the Court deems proper.

<u>**COUNT TWELVE**</u>
*Sexual Harassment in Violation of Miami Dade Ordinance 97-17, Art. IV, Sec. 11A-26*

203.    Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in all previous paragraphs herein.

204.    Ordinance 97-17, Article IV, Sec. 11A-26(1) prohibits inappropriate conduct in the workplace which leaves any person feeling harassed or discriminated against, due to his or her gender, age, religion, national origin or race.

205.    Here, Defendant's relentless harassment, ridicule, and humiliation over Plaintiff's sex as described and set forth above, including touching Plaintiff inappropriately during training, requiring Plaintiff to abide by different standards than his non-male colleagues, and failing to provide Plaintiff with a Pest Control Identification Card, altered the terms and conditions

of Plaintiff's employment, and created a hostile work environment in violation of Miami Dade Ordinance 97-17, Art. IV, Sec. 11A-26.

206. Defendant's conduct occurred because of Plaintiff's legally protected characteristic, and the conduct was severe or pervasive enough to make a reasonable person of the same legally protected class believe that the conditions of employment were altered, and that the working environment was intimidating, hostile or abusive.

207. Defendant's harassing conduct was directly connected to Plaintiff's sex.

208. Plaintiff did not welcome Defendant's discriminatory conduct or comments.

209. Defendant's agent STOREY abused her supervisory authority over Plaintiff by creating a hostile work environment.

210. A reasonable person subjected to Plaintiff's working environment would believe Defendant's conduct was severe or pervasive enough to have altered the terms and conditions of employment and render the working environment intimidating, hostile or abusive.

211. As a result of Defendant's violations of Ordinance 97-17, Article IV, Sec. 11A-26(1), Plaintiff has suffered damages, including, but not limited to: past and future lost wages, mental pain and suffering; humiliation; emotional distress; diminishment of career opportunities; harm to business reputation; loss of self-esteem; disruption to her family life; and other harm, pain and suffering, both tangible and intangible.

212. Plaintiff further requests that his attorney's fees and costs be awarded as permitted by law.

213. Conduct of Defendant and/or its agents deprived Plaintiff of his statutory rights guaranteed under Ordinance 97-17, Article IV, Sec. 11A-26(1).

214. Plaintiff McArthur has been damaged by the illegal conduct of Defendant.

**WHEREFORE**, Plaintiff demands trial by jury and requests this Court to:

a. Declare that Defendant has unlawfully discriminated against Plaintiff in violation of Ordinance 97-17, Article IV, Sec. 11A-26(1); and

b. Issue an order prohibiting further discrimination; and

c. Order equitable relief including but not limited to back pay, reinstating Plaintiff with all promotions and seniority rights to which he is entitled, or award front pay in lieu of reinstatement, and all other equitable relief provided; and

d. Award Plaintiff all compensatory damages provided; and

e. Award Plaintiff his costs, attorney's fees, pre-judgment and post-judgment interest and such other and further relief as the Court deems proper.

<u>**COUNT THIRTEEN**</u>
*Hostile Work Environment (Race/Color) in Violation of Miami Dade Ordinance 97-17*
*Art. IV, Sec. 11A-26*

215.    Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in all previous paragraphs herein.

216.    Ordinance 97-17, Article IV, Sec. 11A-26(1) prohibits inappropriate conduct in the workplace which leaves any person feeling harassed or discriminated against, due to his or her gender, age, religion, national origin or race.

217.    Here, Defendant's relentless harassment, ridicule, and humiliation over Plaintiff's race as described and set forth above, including unreasonably harshly criticizing Plaintiff's work product, warning Plaintiff to ring customer's doorbells to avoid being "shot", failing to provide Plaintiff with a Pest Control Identification Card ,and requiring Plaintiff to abide by different workplace standards and policies than Plaintiff's non-Black peers, altered the

terms and conditions of Plaintiff's employment and created a hostile work environment in violation of Miami Dade Ordinance 97-17, Art. IV, Sec. 11A-26.

218.   Defendant's conduct occurred because of Plaintiff's legally protected characteristic, and the conduct was severe or pervasive enough to make a reasonable person of the same legally protected class believe that the conditions of employment were altered, and that the working environment was intimidating, hostile or abusive.

219.   Defendant's harassing conduct was directly connected to Plaintiff's race.

220.   Plaintiff did not welcome Defendant's discriminatory conduct or comments.

221.   Defendant's agent STOREY abused her supervisory authority over Plaintiff by creating a hostile work environment. A reasonable person subjected to Plaintiff's working environment would believe Defendant's conduct was severe or pervasive enough to have altered the terms and conditions of employment and render the working environment intimidating, hostile or abusive.

222.   As a result of Defendant's violations of Ordinance 97-17, Article IV, Sec. 11A-26(1), Plaintiff has suffered damages, including, but not limited to: past and future lost wages, mental pain and suffering; humiliation; emotional distress; diminishment of career opportunities; harm to business reputation; loss of self-esteem; disruption to her family life; and other harm, pain and suffering, both tangible and intangible.

223.   Conduct of Defendant and/or its agents deprived Plaintiff of his statutory rights guaranteed under Ordinance 97-17, Article IV, Sec. 11A-26(1).

224.   Plaintiff McArthur has been damaged by the illegal conduct of Defendant.

**WHEREFORE**, Plaintiff demands trial by jury and requests this Court to:

a.  Declare that Defendant has unlawfully discriminated against Plaintiff in violation of Ordinance 97-17, Article IV, Sec. 11A-26(1); and

b.  Issue an order prohibiting further discrimination; and

c.  Order equitable relief including but not limited to back pay, reinstating Plaintiff with all promotions and seniority rights to which he is entitled, or award front pay in lieu of reinstatement, and all other equitable relief provided; and

d.  Award Plaintiff all compensatory damages provided; and

e.  Award Plaintiff his costs, attorney's fees, pre-judgment and post-judgment interest and such other and further relief as the Court deems proper.

### **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues triable before a jury.


Dated: August 4, 2021
         Miami, FL

                                                **DEREK SMITH LAW GROUP, PLLC**
                                                701 Brickell Avenue, Suite 1310
                                                Miami, Florida 33131
                                                P.: (305) 946-1884


                                                Lauren Tobin, Esq.
                                                Fla. Bar No. 1024850
                                                Lauren@dereksmithlaw.com

                                                *Attorney for Plaintiff Herbert McArthur*